**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**CHARLES GASTINEAU, BLAKE McBRIDE, LISA GRIGGS, JEFF SEITER, RICHARD HUPPERT,** and **DAVID CROWE** individually and on behalf of all others similarly situated,

Plaintiffs,

v.

**EQUIFAX, INC.**,

Defendant.

Case No. _______________

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiffs Charles Gastineau, Blake McBride, Lisa Griggs, Jeff Seiter, Richard Huppert, and David Crowe ("Plaintiffs") brings this class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all other residents of the United States whose personally identifiable information was compromised as a result of the data breach disclosed by Equifax, Inc. ("Equifax") earlier this month.

## NATURE OF THE ACTION

1. Equifax is a consumer credit reporting agency which collects consumers' personally identifiable information (or, "PII") from various sources.

2. From about May through July 2017, unauthorized persons accessed millions of consumer PII that was being stored by Equifax.

3. Equifax knew of the data breach in late July 2017, but did not alert consumers of the breach until in September 2017.

4. This is a class action on behalf of all residents of the United States whose PII was compromised in the data breach as a result of Equifax's negligence and violations of consumer protection laws.

## THE PARTIES

5. Defendant Equifax is a Delaware corporation with its principal place of business located at 1550 Peachtree Street, NW, Atlanta, Georgia, 30309, in Fulton County, Georgia. Equifax may be served in the State of Georgia via its registered agent, Shawn Baldwin.

6. Plaintiff Charles Gastineau is a citizen and resident of the State of Arkansas. Plaintiff is a victim of Equifax's recent data breach. Plaintiff has spent time and resources monitoring his credit and finances, and continues to do so even more emphatically, and at his own personal expense, due to data breach.

7. Plaintiff Blake McBride is a citizen and resident of the State of

Arkansas. Plaintiff is a victim of Equifax's recent data breach. Plaintiff has spent time and resources monitoring his credit and finances, and continues to do so even more emphatically, and at his own personal expense, due to data breach.

8. Plaintiff Lisa Griggs is a citizen and resident of the State of Oklahoma. Plaintiff is a victim of Equifax's recent data breach. Plaintiff has spent time and resources monitoring her credit and finances, and continues to do so even more emphatically, and at her own personal expense, due to data breach.

9. Plaintiff Jeff Seiter is a citizen and resident of the State of Mississippi. Plaintiff is a victim of Equifax's recent data breach. Plaintiff has spent time and resources monitoring his credit and finances, and continues to do so even more emphatically, and at his own personal expense, due to data breach.

10. Plaintiff Richard Huppert is a citizen and resident of the State of New York. Plaintiff is a victim of Equifax's recent data breach. Plaintiff has spent time and resources monitoring his credit and finances, and continues to do so even more emphatically, and at his own personal expense, due to data breach.

11. Plaintiff David Crowe is a citizen and resident of the State of Texas. Plaintiff is a victim of Equifax's recent data breach. Plaintiff has spent time and resources monitoring his credit and finances, and continues to do so even more emphatically, and at his own personal expense, due to data breach.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. A member of the class of plaintiffs is a citizen of a state different than Equifax, and there are at least 100 members in the proposed class.

13. This Court has personal jurisdiction over Equifax because Equifax conducts business in this district, and has its headquarters within the district.

14. Venue is proper in here because a substantial part of the events or omissions giving rise to the claim occurred in the district.

15. Venue is proper in the Atlanta Division as Equifax maintains its principal place of business in Atlanta, and a substantial part of the events or omissions giving rise to the claim occurred here.

## FACTUAL ALLEGATIONS

16. Equifax is a national credit-reporting business which rates the financial history of consumers in the United States. To accomplish this, Equifax gathers financial information about consumers including data concerning loans, credit cards, utility payments, rent payments, and other personal information.

17. On September 7, 2017, Equifax released a statement to the public

announcing that there had been a breach of consumers' PII by hackers, and that Equifax had been made aware of the breach on July 29, 2017.

18. Upon information and belief, the compromised PII includes names, birth dates, Social Security numbers, credit card numbers, driver's license numbers, and documents pertaining to disputed charges. In total, an estimated 143 million consumers in the United States have been impacted by the data breach.

19. As a result of the data breach, Plaintiffs' personal and financial information has been compromised and potentially exposed to criminal misuse or sale on the Internet black market.

20. In an attempt to minimize costs and increase company profits, Equifax failed to install proper and adequate security measures to protect consumer information.

21. Unauthorized access of this information by criminal hackers or cyber-attacks was reasonably foreseeable given the numerous earlier reported attacks on other large corporations and other credit-reporting competitors like Experian. Equifax itself has experienced other, although much less extensive, data breaches in the past that led to the unauthorized release of personal identifiable information.

22. Plaintiffs have suffered actual injury in that the value of their PII has been exposed and diminished in value, they have been and will be forced to spend time, money, and resources monitoring their credit and finances, and they are

subject to a greater risk of identity theft in the future.

23. Though the data breach was discovered on July 29, 2017, Equifax did not disclose this information to the public until nearly six weeks after, on September 7, 2017. The delay in disclosing this information likely allowed the unauthorized use of the personal identifiable information of Plaintiffs and similarly situated consumers without Plaintiffs and other victims having the ability to take reasonable precautions to protect themselves from the inevitable fraud.

24. Equifax set up a site, equifaxsecurity2017.com, so that consumers could check on whether their personal or financial information was compromised.

25. Equifaxsecurity2017.com was not registered under Equifax's domain name, the site ran on WordPress, and it apparently lacked adequate safeguards while requiring consumers to input their last name and last 6 digits of their Social Security Numbers.

26. The equifaxsecurity2017.com website placed consumers at further risk of being targeted by criminal elements.

## CLASS ALLEGATIONS

27. Plaintiffs bring this action on behalf of themselves and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, as representatives of a Nationwide Class of others who are similarly situated, defined as follows:

> All persons residing in the United States whose PII was acquired by unauthorized persons in the data breach

> announced by Equifax in September 2017 (the "Nationwide Class").

27. Pursuant to Fed. R. Civ. P. 23, and in the alternative to claims asserted on behalf of the Nationwide Class, Plaintiff asserts claims under the laws of the individual States, and on behalf of separate statewide classes, defined as follows:

> All persons residing in [STATE] whose personally identifiable information was acquired by unauthorized persons in the data breach announced by Equifax in September 2017 (the "Statewide Classes").

28. Excluded from each of the above Classes are Equifax and any of its affiliates, parents or subsidiaries; all employees of Equifax; all persons who make a timely election to be excluded from the Class; government entities; and the judges to whom this case is assigned and their immediate family and court staff.

29. Plaintiff hereby reserves the right to amend or modify the class definition with greater specificity or division after having had an opportunity to conduct discovery.

30. Each of the proposed Classes meets the criteria for certification under Federal Rule of Civil Procedure 23(a), (b)(2), (b)(3) and (c)(4).

31. Numerosity. Fed. R. Civ. P. 23(a)(1). Consistent with Rule 23(a)(1), the members of the Class are so numerous and geographically dispersed that the joinder of all members is impractical. While the exact number of Class members is unknown to Plaintiff at this time, the proposed Class include at least 143 million

individuals whose PII was compromised in the Equifax Data Breach. Class members may be identified through objective means. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, internet postings, and/or published notice.

32. Commonality. Fed. R. Civ. P. 23(a)(2) and (b)(3). Consistent with Fed. R. Civ. P. 23(a)(2) and with 23(b)(3)'s predominance requirement, this action involves common questions of law and fact that predominate over any questions affecting individual Class members. The common questions include:

a. Whether Equifax had a duty to protect PII;

b. Whether Equifax knew or should have known of the susceptibility of their data security systems to a data breach;

c. Whether Equifax's security measures to protect their systems were reasonable in light of the measures recommended by data security experts;

d. Whether Equifax was negligent in failing to implement reasonable and adequate security procedures and practices;

e. Whether Equifax's failure to implement adequate data security measures allowed the breach to occur;

f. Whether Equifax's conduct constituted deceptive trade practices under;

g. Whether Equifax's conduct, including their failure to act, resulted in or was the proximate cause of the breach of its systems, resulting in the loss of the PII of Plaintiff and Class members;

h. Whether Plaintiff and Class members were injured and suffered damages or other acceptable losses because of Equifax's failure to reasonably protect its POS systems and data network; and

i. Whether Plaintiff and Class members are entitled to relief.

33. Typicality. Fed. R. Civ. P. 23(a)(3). Consistent with Fed. R. Civ. P. 23(a)(3), Plaintiff's claims are typical of those of other Class members. Plaintiff had her PII compromised in the Data Breach. Plaintiff's damages and injuries are akin to other Class members and Plaintiff seeks relief consistent with the relief of the Class.

34. Adequacy. Fed. R. Civ. P. 23(a)(4). Consistent with Fed. R. Civ. P. 23(a)(4), Plaintiffs are adequate representatives of the Class because Plaintiffs are members of the Class and are committed to pursuing this matter against Equifax to obtain relief for the Class. Plaintiffs have no conflicts of interest with the Class. Plaintiffs' attorneys are competent and experienced in litigating class actions, including privacy litigation. Plaintiffs intend to vigorously prosecute this case and will fairly and adequately protect the Class' interests.

35. Superiority. Fed. R. Civ. P. 23(b)(3). Consistent with Fed. R. Civ. P23(b)(3), a class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The quintessential purpose

of the class action mechanism is to permit litigation against wrongdoers even when damages to individual plaintiffs may not be sufficient to justify individual litigation. Here, the damages suffered by Plaintiff and the Class are relatively small compared to the burden and expense required to individually litigate their claims against Equifax, and thus, individual litigation to redress Equifax's wrongful conduct would be impracticable. Individual litigation by each Class member would also strain the court system. Individual litigation creates the potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court.

36. Injunctive and Declaratory Relief. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(2) and (c). Defendant, through its uniform conduct, has acted or refused to act on grounds generally applicable to the Class as a whole, making injunctive and declaratory relief appropriate to the Class as a whole.

37. Likewise, particular issues under Rule 23(c)(4) are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein. Such particular issues include, but are not limited to:

a. Whether Equifax failed to timely notify the public of the Breach;

b. Whether Equifax owed a legal duty to Plaintiff and the Class to exercise due care in collecting, storing, and safeguarding their PII;

c. Whether Equifax's security measures were reasonable in light of data security recommendations, and other measures recommended by data security experts;

d. Whether Equifax failed to adequately comply with industry standards amounting to negligence;

e. Whether Defendant failed to take commercially reasonable steps to safeguard the PII of Plaintiff and the Class members; and,

f. Whether adherence to data security recommendations, and measures recommended by data security experts would have reasonably prevented the Data Breach.

38. Finally, all members of the proposed Classes are readily ascertainable.

39. Equifax has access to information regarding he Data Breach, the time period of the Data Breach, and which individuals were potentially affected. Using this information, the members of the Class can be identified and their contact information ascertained for purposes of providing notice to the Class.

## **APPLICATION OF GEORGIA LAW TO NATIONWIDE CLASS**

40. Equifax maintains its principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia 30309.

41. The actions and inactions taken by Equifax which caused the damages to the Plaintiffs and the Nationwide Equifax Class were decided by corporate

officers at Equifax's principal place of business.

42. The State of Georgia has significant contact and a significant aggregation of contacts that create a state interest in the claims of the Plaintiffs and the Nationwide Equifax Class such that choice of Georgia law is neither arbitrary nor fundamentally unfair.

43. Application of Georgia law to the Nationwide Equifax Class is therefore appropriate.

---

## CLAIMS FOR RELIEF

---

### COUNT ONE
### NEGLIGENCE

44. Plaintiffs restate and re-allege all of the foregoing Paragraphs as if fully set forth herein.

45. Equifax owed a legal duty to consumers including the Plaintiffs and the Class Members to use reasonable care to protect their PII from unauthorized access by third parties.

46. Equifax breached this duty when it failed to use reasonable care in protecting the Plaintiffs' and Class Members' PII from unauthorized access by third parties.

47. The Plaintiffs and the Class Members suffered actual harm when their PII being stored by Equifax was accessed and stolen by third parties.

48. Equifax's breach of its duty to use reasonable care was the direct and proximate cause of the Plaintiffs' and the Class Members' damages.

49. Equifax knew a failure to use reasonable care in protecting the Plaintiffs' and the Class Members' PII from unauthorized access would cause serious harm.

50. Equifax's actions, or lack of actions, were willful, wanton, reckless, outrageous and done with a conscious indifference to the consequences to the Plaintiffs and the Class Members.

51. Plaintiffs and the Class Members are entitled to compensatory damages, punitive damages, and equitable relief.

## COUNT TWO
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT

52. Plaintiffs restate and re-allege all of the foregoing Paragraphs as if fully set forth herein.

53. Under 15 U.S.C. § 1681a(c), the Plaintiffs and the Class Members are consumers protected under the Fair Credit Reporting Act ("FCRA").

54. Under 15 U.S.C. § 1681a(f), Equifax is a consumer reporting agency and therefore subject to the FCRA.

55. The FCRA requires any consumer reporting agency, including

Equifax, to "maintain reasonable procedures designed to… limit the furnishing of consumer reports to the purposed listed under section 1681b of this title." 15 U.S.C. § 1681e(a). A consumer report includes "any information… bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living…" 15 U.S.C. § 1681a(d)(1).

56. The FCRA also dictates the circumstances under which Equifax may furnish a consumer report. *See*, 15 U.S.C. § 1681b.

57. Equifax violated the FCRA by furnishing the Plaintiffs' and the Class Members' consumer reports to unauthorized third parties.

58. Equifax also violated the FCRA by failing to maintain reasonable procedures and safeguards to prevent the disclosure of the Plaintiffs' and the Class Members' consumer reports.

59. Equifax's violations of the FCRA were the direct and proximate causes of the damages suffered by the Plaintiffs and the Class Members.

60. Equifax's violations of the FCRA were willful, wanton, reckless, outrageous and done with a conscious indifference to the consequences to the Plaintiffs and the Class Members.

61. Under 15 U.S.C. § 1681n(a)(1)(A), the Plaintiffs and each of the Class Members are entitled to actual damages or damages of not less than $100 and not more than $1,000.

62. Plaintiffs and the Class Members are also entitled to punitive damages, the costs of the action, and reasonable attorney's fees.

**COUNT THREE**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**(Nationwide Equifax Class or, alternatively, Separate Statewide Classes)**

63. Plaintiffs restate and re-alleges all of the foregoing Paragraphs as if fully set forth herein.

64. Equifax negligently violated the FCRA by failing to "maintain reasonable procedures designed to… limit the furnishing of consumer reports to the purposed listed under section 1681b of this title." 15 U.S.C. § 1681e(a).

65. As a result of Equifax's negligence, unauthorized third parties obtained the Plaintiffs' and the Class Members' consumer reports in violation of 15 U.S.C. § 1681b.

66. The Plaintiffs and the Class Members sustained damages as a direct and proximate cause of Equifax's failure to comply with the FCRA.

67. Under 15 U.S.C. § 1681o(a)(1), the Plaintiffs and the Class Members are entitled to "any actual damages sustained by the consumer.

68. The FCRA also provides that the Plaintiffs and the Class Members are entitled to costs of the action and reasonable attorney's fees.

## COUNT FOUR
## VIOLATION OF GEORGIA FAIR BUSINESS PRACTICES ACT
## O.C.G.A. § 10-1-390, *et seq*.
## (Nationwide Equifax Class or, alternatively, Separate Statewide Classes)

69. Plaintiff restates and re-alleges all of the foregoing Paragraphs as if fully set forth herein.

70. Equifax is engaged in trade and commerce pursuant to O.C.G.A. § 10-1-392(28).

71. Equifax engaged in unfair or deceptive acts or practices in the conduct of consumer transactions by failing to maintain secure computer systems and data security practices and by failing to timely and adequately disclose the data breach to the Plaintiffs and the Class Members.

72. These actions violated the Georgia Fair Business Practices Act.

73. Equifax also violated the Georgia Fair Business Practices Act by violating the FCRA as discussed above.

74. The Plaintiffs and the Class Members suffered damages as a direct and proximate result of Equifax's violations of the Georgia Fair Business Practices Act.

75. Equifax's violations were willful, wanton, reckless, outrageous and done with a conscious indifference to the consequences to the Plaintiffs and the Class Members.

76. Plaintiffs and the Class Members are therefore entitled to

compensatory damages, punitive damages, and equitable relief.

77. Plaintiffs and the Class Members are also entitled to injunctive relief including ordering Equifax to employ adequate security measures to protect consumers' PII.

**COUNT FIVE**
**VIOLATIONS OF STATE DATA BREACH STATUTES**
**(Separate Statewide Classes)**

78. Plaintiff restates and re-alleges all of the foregoing Paragraphs as if fully set forth herein.

79. Legislatures in the states and jurisdictions listed below have enacted data breach statutes. These statutes generally require that any person or business conducting business within the state that owns or licenses computerized data that includes personal information shall disclose any breach of the security of the system to any resident of the state whose personal information was acquired by an unauthorized person, and further require that the disclosure of the breach be made in the most expedient time possible and without unreasonable delay.

80. The Equifax data breach constitutes a breach of the security system of Equifax within the meaning of the below state data breach statutes and the data breached is protected and covered by the below data breach statutes.

81. Plaintiffs' and Class Members' names, birth dates, Social Security numbers, credit card numbers, driver's license numbers, and documents pertaining

to disputed charges constitute personal information under and subject to the below state data breach statutes.

82. Equifax unreasonably delayed in informing the public, including Plaintiffs and Class Members, about the breach of security of Plaintiffs' and Class Members' confidential and non-public personal information after Equifax knew or should have known that the data breach had occurred.

83. Equifax failed to disclose to Plaintiffs and Class Members without unreasonable delay and in the most expedient time possible, the breach of security of Plaintiffs' and Class Members' personal and financial information when Equifax knew or reasonably believed such information had been compromised.

84. Plaintiffs and Class Members suffered harm directly resulting from Equifax's failure to provide and the delay in providing Plaintiffs and Class Members with timely and accurate notice as required by the below state data breach statutes. Plaintiffs suffered the damages alleged above as a direct result of Equifax's delay in providing timely and accurate notice of the data breach.

85. Had Equifax provided timely and accurate notice of the data breach, Plaintiffs and Class Members would have been able to avoid and/or attempt to ameliorate or mitigate the damages and harm resulting in the unreasonable delay by Equifax in providing notice.

86. Equifax's failure to provide timely and accurate notice of the data

breach violated the following state data breach statutes:

a. Alaska Stat. Ann. § 45.48.010(a), et seq.;

b. Ark. Code Ann. § 4-110-105(a), et seq.;

c. Cal. Civ. Code § 1798.83(a), et seq.;

d. Colo. Rev. Stat. Ann § 6-1-716(2), et seq.;

e. Conn. Gen. Stat. Ann. § 36a-701b(b), et seq.;

f. Del. Code Ann. Tit. 6 § 12B-102(a), et seq.;

g. D.C. Code § 28-3852(a), et seq.;

h. Fla. Stat. Ann. § 501.171(4), et seq.;

i. Ga. Code Ann. § 10-1-912(a), et seq.;

j. Haw. Rev. Stat. § 487N-2(a), et seq.;

k. Idaho Code Ann. § 28-51-105(1), et seq.

l. Ill. Comp. Stat. Ann. 530/10(a), et seq.;

m. Iowa Code Ann. § 715C.2(1), et seq.;

n. Kan. Stat. Ann. § 50-7a02(a), et seq.;

o. Ky. Rev. Stat. Ann. § 365.732(2), et seq.;

p. La. Rev. Stat. Ann. § 51:3074(A), et seq.;

q. Md. Code Ann., Commercial Law § 14-3504(b), et seq.;

r. Mass. Gen. Laws Ann. Ch. 93H § 3(a), et seq.;

s. Mich. Comp. Laws Ann. § 445.72(1), et seq.;

t. Minn. Stat. Ann. § 325E.61(1)(a), et seq.;

u. Mont. Code Ann. § 30-14-1704(1), et seq.;

v. Neb. Rev. Stat. Ann. § 87-803(1), et seq.;

w. Nev. Rev. Stat. Ann. § 603A.220(1), et seq.;

x. N.H. Rev. Stat. Ann. § 359-C:20(1)(a), et seq.;

y. N.J. Stat. Ann. § 56:8-163(a), et seq.;

z. N.C. Gen. Stat. Ann. § 75-65(a), et seq.;

aa. N.D. Cent. Code Ann. § 51-30-02, et seq.;

bb. Okla. Stat. Ann. Tit. 24 § 163(A), et seq.;

cc. Or. Rev. Stat. Ann. § 646A.604(1), et seq.;

dd. R.I. Gen. Laws Ann. § 11-49.2-3(a), et seq.;

ee. S.C. Code Ann. § 39-1-90(A), et seq.;

ff. Tenn. Code Ann. § 47-18-2107(b), et seq.;

gg. Tex. Bus. & Com. Code Ann. § 521.053(b), et seq.;

hh. Utah Code Ann. § 13-44-202(1), et seq.;

ii. Va. Code. Ann. § 18.2-186.6(B), et seq.;

jj. Wash. Rev. Code Ann. § 19.255.010(1), et seq.;

kk. Wis. Stat. Ann. § 134.98(2), et seq.; and

ll. Wyo. Stat. Ann. § 40-12-502(a), et seq.

87. Plaintiffs and Class Members seek all remedies available under their

respective state data breach statutes, including a) damages suffered by Plaintiffs and Class Members as alleged above, b) equitable relief, including injunctive relief, and c) reasonable attorney fees and costs, as provided by law.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by a jury of twelve on all issues so triable.

## REQUEST FOR RELIEF

Plaintiffs, individually and on behalf of the Class and Separate Statewide Classes, respectfully request that the Court enter judgment in their favor and against Equifax as follows:

A. For an Order certifying the Nationwide Class, or alternatively the Statewide Classes,, as defined herein, and appointing Plaintiffs and their Counsel to represent the Nationwide Equifax Class or Statewide Classes;

B. For compensatory and punitive damages against Equifax in an amount to be determined by a jury;

C. For equitable relief enjoining Equifax from engaging in further wrongful conduct and from putting the Plaintiffs and Class Members in any further danger of having their personal information stolen by third parties;

D. For equitable relief requiring Equifax to employ adequate security measures to protect consumers' PII;

E. For an award of attorneys' fees, costs, and litigation expenses;

F. For prejudgment interest on all amounts awarded; and,

G. Other relief as this court may deem just and proper.

Dated: September 27, 2017

Respectfully,

**HOLZER & HOLZER, LLC**

*/s/ Marshall P. Dees*

Corey D. Holzer
Ga. Bar No. 364698
Marshall P. Dees
Ga. Bar. No. 105776
Alexandria P. Rankin
Ga. Bar No. 949684
1200 Ashwood Parkway, Suite 410
Atlanta, GA 30338
Telephone: (770) 392-0090
cholzer@holzerlaw.com

*-and-*

**STEEL, WRIGHT, GRAY & HUTCHINSON, PLLC**
Scott Poynter
(Pro Hac Vice to be filed)
400 W. Capitol Ave., Suite 2910
Little Rock, AR 72201
Telephone: (501) 251-1587
scott@poynterlawgroup.com

**WYLY ROMMEL, PLLC**
Jim Wyly
(Pro Hac Vice to be filed)
jwyly@wylyrommel.com
4004 Texas Blvd.
Texarkana, TX 75503
Telephone: (903) 334-8646
jwyly@wylyrommel.com

*Counsel for Plaintiffs*